David A. Berstein (State Bar No. 204472)
J. R. Dimuzio (State Bar No. 299803)
Kia Mojabe (State Bar No. 336063)
BERSTEIN LAW, PC
4000 MacArthur Boulevard
Suite 600 East Tower
Newport Beach, California 92660
Tel. 949-783-4210
E-mail(s): *david@bersteinlaw.com; jr@bersteinlaw.com; kia@bersteinlaw.com*

Attorneys for Defendant Marc Schain d/b/a Second Street Optique

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUGUST IMAGE, LLC, a New York Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>SECOND STREET OPTIQUE, a California business entity of unknown form; and DOES 1-10,<br><br>Defendants. | Case No. 2:24-cv-00236-JLS-SKx<br>Honorable Josephine L. Staton<br><br>**DEFENDANT MARC SCHAIN DOING BUSINESS AS SECOND STREET OPTIQUE'S <u>ANSWER</u> TO COMPLAINT** |

**TO THE COURT, THE PARTIES, AND THE ATTORNEYS OF RECORD:**

Defendant MARC SCHAIN doing business as SECOND STREET OPTIQUE ("Defendant"), by and through his undersigned counsel, hereby answers each of the numbered paragraphs of the Complaint for Copyright Infringement ("Complaint") filed by Plaintiff AUGUST IMAGE, LLC ("Plaintiff"), and asserts affirmative defenses as set forth below. Defendant denies that Plaintiff's claims have merit and further denies that Plaintiff is entitled to any form of relief. Except as explicitly admitted herein, each and every allegation of the Complaint is denied.

/ / /

## JURISDICTION AND VENUE

1. As to the allegations in Paragraph 1 of the Complaint, Defendant lacks information and/or belief sufficient to answer the allegations in Paragraph 1 and, on that basis, denies the allegations.

2. As to the allegations in Paragraph 2 of the Complaint, Defendant lacks information and/or belief sufficient to answer the allegations in Paragraph 2 and, on that basis, denies the allegations.

3. As to the allegations in Paragraph 3 of the Complaint, Defendant lacks information and/or belief sufficient to answer the allegations in Paragraph 3 and, on that basis, denies the allegations.

## PARTIES

4. As to the allegations in Paragraph 4 of the Complaint, Defendant lacks information and/or belief sufficient to answer the allegations in Paragraph 4 and, on that basis, denies the allegations.

5. As to the allegations in Paragraph 5 of the Complaint, Defendant admits to being located at 4924 E. 2nd Street, Long Beach, California 90803, and operating a website and Facebook page. As to the remaining allegations in Paragraph 5 of the Complaint, Defendant lacks information and/or belief sufficient to answer the remaining allegations in Paragraph 5 and, on that basis, denies the allegations.

6. As to the allegations in Paragraph 6 of the Complaint, Defendant lacks information and/or belief sufficient to answer the allegations in Paragraph 6 and, on that basis, denies the allegations.

7. As to the allegations in Paragraph 7 of the Complaint, Defendant lacks information and/or belief sufficient to answer the allegations in Paragraph 7 and, on that basis, denies the allegations.

## FIRST CLAIM FOR RELIEF
**(For Copyright Infringement – Against All Defendants, and Each)**

8. As to the allegations in Paragraph 8 of the Complaint, Defendant lacks information

BERSTEIN LAW, PC
4000 MACARTHUR BOULEVARD, SUITE 600 EAST TOWER
NEWPORT BEACH, CALIFORNIA 92660

and/or belief sufficient to answer the allegations in Paragraph 8 and, on that basis, denies the allegations.

9. As to the allegations in Paragraph 9 of the Complaint, Defendant lacks information and/or belief sufficient to answer the allegations in Paragraph 9 and, on that basis, denies the allegations.

10. As to the allegations in Paragraph 10 of the Complaint, Defendant lacks information and/or belief sufficient to answer the allegations in Paragraph 10 and, on that basis, denies the allegations.

11. As to the allegations in Paragraph 11 of the Complaint, Defendant lacks information and/or belief sufficient to answer the allegations in Paragraph 11 and, on that basis, denies the allegations.

12. As to the allegations in Paragraph 12 of the Complaint, Defendant lacks information and/or belief sufficient to answer the allegations in Paragraph 12 and, on that basis, denies the allegations.

13. As to the allegations in Paragraph 13 of the Complaint, Defendant lacks information and/or belief sufficient to answer the allegations in Paragraph 13 and, on that basis, denies the allegations.

14. As to the allegations in Paragraph 14 of the Complaint, Defendant denies the allegations in Paragraph 14.

## **AFFIRMATIVE DEFENSES**

Defendant denies all allegations contained within the Complaint not specifically admitted to herein. Pending further investigation and discovery, Defendant alleges the following affirmative defenses without assuming the burden of proof when such burden would lawfully be on Plaintiff and reserves the right to amend this Answer to identify any and all statutory and decisional authorities and/or equitable doctrine supporting some or all of the Affirmative Defenses referenced below. Defendant does not otherwise waive and specifically reserves the right to assert additional Affirmative Defenses based on subsequent investigation and discovery.

## FIRST AFFIRMATIVE DEFENSE
### (Statute of Limitations)

1. As an Affirmative Defense to the allegations in Plaintiff's Complaint, Defendant is informed and believes, and thereupon alleges, each and every purported cause of action contained in the Complaint is barred or diminished, in whole or in part, by the applicable statute of limitations.

## SECOND AFFIRMATIVE DEFENSE
### (Fair Use)

2. As an Affirmative Defense to the allegations in Plaintiff's Complaint, Defendant is informed and believes, and thereupon alleges, each and every purported use of copyright material falls within the recognized exceptions of fair use for criticism, comment, news reporting, teaching, scholarship and/or research. Defendant further contends that the use is transformative, non-commercial, and does not adversely impact the market for the copyrighted material.

## THIRD AFFIRMATIVE DEFENSE
### (License)

3. As an Affirmative Defense to the allegations in Plaintiff's Complaint, Defendant is informed and believes, and thereupon alleges, each and every purported use of copyright material Defendant had a valid and existing license or permission from the copyright owner to use the material in the manner alleged by the Plaintiff.

## FOURTH AFFIRMATIVE DEFENSE
### (Independent Creation)

4. As an Affirmative Defense to the allegations in Plaintiff's Complaint, Defendant is informed and believes, and thereupon alleges, each and every purported use of copyright material was independently created without any access to or copying from the Plaintiff's copyrighted material.

/ / /

/ / /

BERSTEIN LAW, PC
4000 MACARTHUR BOULEVARD, SUITE 600 EAST TOWER
NEWPORT BEACH, CALIFORNIA 92660

## FIFTH AFFIRMATIVE DEFENSE

### (Lack of Originality)

5. As an Affirmative Defense to the allegations in Plaintiff's Complaint, Defendant is informed and believes, and thereupon alleges, each and every purported use of copyright material lacks the requisite originality for copyright protection.

## SIXTH AFFIRMATIVE DEFENSE

### (Public Domain)

6. As an Affirmative Defense to the allegations in Plaintiff's Complaint, Defendant is informed and believes, and thereupon alleges, each and every purported use of copyright material is in the public domain and not protected by copyright.

## SEVENTH AFFIRMATIVE DEFENSE

### (Implied Consent)

7. As an Affirmative Defense to the allegations in Plaintiff's Complaint, Defendant is informed and believes, and thereupon alleges, Plaintiff, through their actions or statements, implicitly consented to the use of the copyrighted material.

## EIGHTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

8. As an Affirmative Defense to the allegations in Plaintiff's Complaint, Defendant is informed and believes, and thereupon alleges, each and every purported cause of action contained in the Complaint should be barred due to the unclean hands of Plaintiff, by virtue of its own acts and/or the acts or omissions of others chargeable to it.

## NINTH AFFIRMATIVE DEFENSE

### (Damages Claimed Attribute to Plaintiff)

9. As an Affirmative Defense to the allegations in Plaintiff's Complaint, Defendant is informed and believes, and thereupon alleges, each and every purported cause of action contained in the Complaint, Plaintiff, by virtue of its own acts and/or the acts or omissions of others chargeable to it, failed to exercise ordinary and reasonable care on Plaintiff's own behalf and intentionally, negligently, and/or carelessly was the proximate cause of

some portion, up to and including the whole thereof, of Plaintiff's alleged harm and damages, if any, and therefore, Plaintiff's recovery, if any, should be barred and/or reduced according to law, up to and including the whole thereof.

### TENTH AFFIRMATIVE DEFENSE
### (Damages Claimed Attribute to Unknown Parties)

10. As an Affirmative Defense to the allegations in Plaintiff's Complaint, Defendant is informed and believes, and thereupon alleges, if Defendant is subject to any liability to Plaintiff it will be due in whole and/or in part to the conduct, acts, omissions, and/or activities of a party and/or parties unknown to Defendant at this time, and any recovery obtained by Plaintiff should be barred and/or reduced according to law, up to and including the whole thereof.

### ELEVENTH AFFIRMATIVE DEFENSE
### (Waiver)

11. As an Affirmative Defense to the allegations in Plaintiff's Complaint, Defendant is informed and believes, and thereupon alleges, Plaintiff, by virtue of its own acts and/or the acts or omissions of others chargeable to it, voluntarily and knowingly failed to take action to protect Plaintiff's rights and, thus, has waived such rights.

### TWELFTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

12. As an Affirmative Defense to the allegations in Plaintiff's Complaint, Defendant is informed and believes, and thereupon alleges, Plaintiff, by virtue of its own acts and/or the acts or omissions of others chargeable to it, knew of the purported damages complained of, if any exist, and failed to undertake to mitigate its damages and/or increased his damages, if any exist. Defendant is further informed and believes, and thereupon alleges, that any such damages should have, and would have, been mitigated by reasonable efforts on the part of Plaintiff. Defendant is therefore informed and believes, and thereupon alleges, any recovery by Plaintiff is barred by its failure to mitigate damages, or that any recovery must be reduced by those damages that Plaintiff,

BERSTEIN LAW, PC
4000 MACARTHUR BOULEVARD, SUITE 600 EAST TOWER
NEWPORT BEACH, CALIFORNIA 92660

by virtue of its own acts and/or the acts or omissions of others chargeable to it, failed to mitigate.

### THIRTEENTH AFFIRMATIVE DEFENSE
### (Consent)

13. As an Affirmative Defense to the allegations in Plaintiff's Complaint, Defendant is informed and believes, and thereupon alleges, Plaintiff, by virtue of its own acts and/or the acts or omissions of others chargeable to its, at all times gave its consent, express, or implied, and approved to the acts, omissions, and conduct alleged against Defendant in the Complaint. Accordingly, Plaintiff is barred from pursuing this action.

### FOURTEENTH AFFIRMATIVE DEFENSE
### (Acquiescence)

14. As an Affirmative Defense to the allegations in Plaintiff's Complaint, Defendant is informed and believes, and thereupon alleges, Plaintiff acquiesced to any conduct engaged in by Defendant.

### FIFTEENTH AFFIRMATIVE DEFENSE
### (Ratification)

15. As an Affirmative Defense to the allegations in Plaintiff's Complaint, Defendant is informed and believes, and thereupon alleges, Plaintiff, by virtue of its own acts and/or the acts or omissions of others chargeable to it, expressly and/or implicitly ordered, approved, authorized, participated in, and/or ratified the alleged acts and transactions of Defendant complained of and the actions upon which recovery is allegedly sought, and Plaintiff is accordingly precluded from recovery.

### SIXTEENTH AFFIRMATIVE DEFENSE
### (Release)

16. As an Affirmative Defense to the allegations in Plaintiff's Complaint, Defendant is informed and believes, and thereupon alleges, Plaintiff, by virtue of its own acts and/or the acts or omissions of others chargeable to it, expressly, impliedly, and/or equitably released all rights against Defendant in connection with the transaction(s) giving rise to

the allegations set forth in the Complaint.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Legitimate Business Reason)

17. As an Affirmative Defense to the allegations in Plaintiff's Complaint, Defendant is informed and believes, and thereupon alleges, the Complaint is barred, in whole or in part, because Defendant acted lawfully and within its legal rights, with a good-faith belief in the exercise of those rights, and in furtherance of a legitimate business purpose, business necessity, business justification, and/or economic justification or judgment. Further, Defendant acted in good faith in the honest belief the acts, conduct, and communications, if any, by Defendant were justified under the circumstances based on information reasonably available to Defendant.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Estoppel)

18. As an Affirmative Defense to the allegations in Plaintiff's Complaint, Defendant is informed and believes, and thereupon alleges, Plaintiff, by virtue of its own acts and/or the acts or omissions of others chargeable to it, is estopped from obtaining relief sought from Defendant. Defendant is also informed and believes, and thereupon also alleges, Plaintiff, by virtue of its own acts and/or the acts or omissions of others chargeable to it, is estopped from asserting or recovering under any of its causes of action alleged against Defendant in the Complaint because of Plaintiff's own acts and/or the acts or omissions of others chargeable to it. Defendant is further informed and believes, and thereupon alleges, that Plaintiff knew or should have known of the damages claimed in the Complaint but failed to take any corrective measures and failed to notify any other party of the need for such corrective measures, thereby estopping Plaintiff from claiming damages as a result of these alleged conditions, if any exist.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Failure to State a Claim General)

19. As an Affirmative Defense to the allegations in Plaintiff's Complaint, Defendant

BERSTEIN LAW, PC
4000 MACARTHUR BOULEVARD, SUITE 600 EAST TOWER
NEWPORT BEACH, CALIFORNIA 92660

is informed and believes, and thereupon alleges, the Complaint on file herein, and each and all of the purported Causes of Action, fails to allege facts sufficient to support a claim upon which relief can be granted.

## TWENTIETH AFFIRMATIVE DEFENSE

**(Reservation of Right to Amend to Add Affirmative Defenses)**

20. Defendant presently has insufficient knowledge or information on which to form a belief as to whether he has additional, as yet unstated, affirmative defenses available. Defendant reserves the right to assert additional affirmative defenses in the event discovery indicates such additional affirmative defenses would be appropriate.

## PRAYER

WHEREFORE, Defendant requests judgment as follows:

1. The Complaint be dismissed with prejudice in its entirety;
2. Plaintiff takes nothing by its Complaint;
3. For costs of suit, including attorneys' fees, to the extent they are recoverable by law; and
4. For such other and further relief as the Court deems just and proper.

Dated: March 7, 2024                    Respectfully submitted,

                                                   **BERSTEIN LAW, PC**

*/s/ David A. Berstein*
David A. Berstein
J.R. Dimuzio
Kia Mojabe
Attorneys for Defendant Marc Schain doing business as Second Street Optique

**BERSTEIN LAW, PC**
4000 MacArthur Boulevard, Suite 600 East Tower
Newport Beach, California 92660

## DEMAND FOR JURY TRIAL

Defendant requests a trial by jury on all claims so triable.

Dated: March 7, 2024

Respectfully submitted,

**BERSTEIN LAW, PC**

*/s/ David A. Berstein*
_____
David A. Berstein
J.R. Dimuzio
Kia Mojabe
Attorneys for Defendant Marc Schain doing business as Second Street Optique

# DECLARATION OF ELECTRONIC SERVICE

## Central District of California Case No. 2:24-cv-00236-JLS-SKx

Service of the attached document was accomplished pursuant to Central District of California, Order Authorizing Electronic Filing, General Order No. 08-03 and Local Rule 5-3.2.1, which provides: "Upon the electronic filing of a document, a 'Notice of Electronic Filing' ("NEF") will be automatically generated by the CM/ECF system and sent by e-mail to: (1) all attorneys who have appeared in the case in this Court and (2) all pro se parties who have been granted leave to file documents electronically in the case pursuant to L.R. 5-4.1.1 or who have appeared in the case and are registered to receive service through the CM/ECF System pursuant to L.R. 5-3.2.2. Unless service is governed by F.R. Civ.P. 4 or L.R. 79-5.3, service with this electronic NEF will constitute service pursuant to the Federal Rules of Civil and Criminal Procedure, and the NEF itself will constitute proof of service for individuals so served".

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on March 7, 2024, at Newport Beach, California.

By: /s/ *David A. Berstein*
David A. Berstein